IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 17-cr-30034 |
| ) | |
| RONALD WILKINS, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Ronald Wilkins's pro se Motion to Reduce Sentence (d/e 52) and his Amended Motion for Sentence Modification (d/e 58), requesting a reduction in Defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, Defendant's motions are DENIED.

### I. BACKGROUND

On February 15, 2018, Defendant Ronald Wilkins pleaded guilty to one count of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1). According to the revised Presentence Investigation Report ("PSR"), Defendant's offense conduct consisted of the possession, as a convicted felon, of a

9-millimeter semiautomatic handgun and a .40 caliber semiautomatic handgun with an extended magazine. D/e 48, ¶¶ 10–15. On August 3, 2018, this Court sentenced Defendant to 84 months' imprisonment, to be followed by a 3-year term of supervised release. Defendant's scheduled release date is July 10, 2024, and Defendant will become eligible for halfway house placement in January 2024. Defendant is currently in Bureau of Prisons ("BOP") custody at the Federal Correctional Institute Pekin ("FCI Pekin").

On December 29, 2020, Defendant filed a pro se motion for compassionate release (d/e 52) pursuant to 18 U.S.C. § 3582(c)(1)(A). On April 13, 2021, an Amended Motion (d/e 58) was filed. Defendant seeks compassionate release due to his health issues and the COVID-19 pandemic. Defendant self-reports as having a heart murmur caused by a "hole in his heart," although there is no mention of this heart condition in the BOP medical records (d/e 56) reviewed by the Court or in the other materials filed by Defendant and the U.S. Probation Office before Defendant's Sentencing Hearing. On April 13, 2021, the U.S. Probation Office filed a Memorandum (d/e 57) in which it concluded that

Defendant's proposed release plan was suitable. On April 15, 2021, the Government filed a Response (d/e 59) opposing Defendant's Amended Motion. The Government argues that Defendant has not demonstrated the existence of extraordinary and compelling reasons warranting a sentence reduction.

As of April 20, 2021, the BOP reports that FCI Pekin currently has 0 confirmed positive inmate cases of COVID-19 and 12 positive staff cases. See BOP: COVID-19 Update, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed April 20, 2021). The BOP also reports that 757 inmates and 72 staff currently at FCI Greenville who contracted COVID-19 in the past have recovered. Id. There have been no deaths from COVID-19 at the facility. Id.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory

language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, the Government concedes that Defendant has exhausted his administrative remedies by submitting a compassionate release request to the warden of FCI Pekin on November 12, 2020. See d/e 59, p. 8. Accordingly, the Court finds that Defendant has fully exhausted his administrative remedies. Next, the Court considers whether Defendant has demonstrated the existence of extraordinary and compelling reasons warranting a sentence reduction.

The reasons for release presented in Defendant's Amended Motion are his self-reported heart murmur and the COVID-19 pandemic. See d/e 58. Defendant's pro se motion also mentions shortness of breath and mental health issues including depression and panic attacks. D/e 52, p. 3. While CDC guidance states that "[h]aving heart conditions such as heart failure, coronary artery disease, cardiomyopathies, and possibly high blood pressure (hypertension) can make you more likely to get severely ill from COVID-19," Defendant admits that the CDC "does not comment directly on heart murmurs and holes in the heart, and how they interact with COVID-19." D/e 58, ¶ 4. Defendant also cites

medical authority for the proposition that "heart murmurs range from very serious, to benign," but does not specify where on this spectrum his own heart murmur falls. Id. at ¶ 3.

Under 18 U.S.C. § 3582(c)(1)(A), the defendant "bears the burden of establishing his entitlement to relief." United States v. Gold, 459 F. Supp. 3d 1117, 1119 (N.D. Ill. 2020); see United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016). This Court has held in the past that defendants who show that they suffer from certain medical conditions that increase their risk of serious illness or death from COVID-19 have demonstrated extraordinary and compelling reasons as required by § 3582(c)(1)(A). See, e.g., United States v. Fettis, No. 17-CR-30003, 2020 WL 3027198, at *2 (C.D. Ill. June 5, 2020) (holding that 65-year-old defendant with history of high blood pressure, sleep apnea, COPD, and chronic lung infections had demonstrated extraordinary and compelling reasons); United States v. Lacy, No. 03-CR-30115, 2020 WL 4049981, at *1 (C.D. Ill. July 20, 2020) (holding that morbidly obese defendant diagnosed with type 2 diabetes, hypertension, and hyperlipidemia had demonstrated extraordinary and compelling reasons).

Here, however, Defendant has not shown that his heart

murmur, panic attacks, depression, or shortness of breath significantly increase his risk of serious illness or death from COVID-19.  Defendant's BOP medical records and Defendant's own statements to the U.S. Probation Office as set forth in the PSR show that Defendant is a 32-year-old man in good physical health with no history of chronic illnesses.  See d/e 48, ¶ 83; d/e 56.  While the COVID-19 pandemic continues to pose a serious issue for individuals living or working in a prison, where social distancing and isolation can be difficult, the mere presence of COVID-19 in a prison does not constitute an extraordinary and compelling reason for the early release of every healthy inmate held there.  See United States v. Jemison, No. 1:00-CR-10007, 2021 WL 71957, at *3 (C.D. Ill. Jan. 8, 2021) (expressing skepticism that mere presence of COVID-19 in facility that had three active inmate cases and six active staff cases constituted extraordinary and compelling reason).  Additionally, Defendant's odds of contracting COVID-19 are relatively low as FCI Pekin currently has only 12 active staff cases of COVID-19 and zero inmate cases.

Moreover, the sentencing factors set forth in 18 U.S.C. § 3553(a) militate against Defendant's release.  Defendant has an

extensive criminal record, including three prior felony convictions. He also has a history of noncompliance with the terms of supervision. See d/e 48, ¶¶ 35–51 (probation revoked and/or terminated unsatisfactorily in multiple Illinois state cases). Defendant's PATTERN score indicates a high risk of recidivism, and in February 2021 Defendant received a disciplinary citation for attempting to receive synthetic cannabis in the mail at FCI Pekin. See d/e 56, pp. 57–58. Furthermore, the offense conduct for which Defendant is currently incarcerated consisted of the possession of two firearms, one of which was stolen and both of which he left in the possession of a minor. See id. at ¶¶ 7–15. Finally, Defendant has served only 34 months of his 84-month sentence. The Court finds that a significantly reduced sentence in this case would not sufficiently "protect the public from further crimes of the defendant," "promote respect for the law," "provide just punishment for the offense," or provide adequate deterrence to criminal conduct like Defendant's. See 18 U.S.C. § 3553(a).

### III. CONCLUSION

For the reasons set forth above, Defendant Ronald Wilkins's pro se Motion to Reduce Sentence (d/e 52) and Amended Motion for

Sentence Modification (d/e 58) are DENIED.

ENTER: April 21, 2020

                                             */s/ Sue E. Myerscough*
                                             SUE E. MYERSCOUGH
                                             UNITED STATES DISTRICT JUDGE